IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00546-BNB

MEL BOMPREZZI,

    Applicant,

v.

DAVID ZUPAN, Warden, San Carlos, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DISMISSING CASE

Applicant, Mel Bomprezzi, acting *pro se*, initiated this action by filing a 28 U.S.C. § 2254 action. On March 23, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On May 14, 2012, Respondents filed a Pre-Answer Response. Mr. Bomprezzi filed a Reply on June 12, 2012. Subsequently, on June 22, 2012, Magistrate Judge Boland entered an order directing Respondents to supplement the Pre-Answer Response.

On June 26, 2012, Mr. Bomprezzi filed a pleading titled "Cancellation of Appeal." He requests that the Court cancel this action. The Court must construe the pleading liberally because Mr. Bomprezzi is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer has been filed by Respondents in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* 8-41James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the pleading as a Notice of Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of June 26, 2012, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Bomprezzi files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the June 26, 2012 pleading is construed as a Notice of Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of the date Mr. Bomprezzi filed the Notice in this action.  It is

FURTHER ORDERED that the June 22, 2012 Order is vacated.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice.

DATED at Denver, Colorado, this  5th  day of    July   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court